NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANQUIN PAN,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 16-71160<br><br>Agency No. A208-302-048<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2022**
Portland, Oregon

Before: TALLMAN and CHRISTEN, Circuit Judges, and BLOCK,*** District Judge.

Yanqin Pan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming the immigration judge's

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*  The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny in part and dismiss in part the petition for review.

1.      Substantial evidence supports the agency's adverse credibility determination. The IJ identified numerous inconsistencies between Pan's testimony, credible fear interview, Record of Sworn Statement, asylum application, and asylum declaration. Several of these inconsistencies and omissions were non-trivial, *see Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016), and the IJ gave Pan sufficient opportunity to explain any inconsistency, *see Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc). Moreover, Pan's inconsistent statements were "accompanied by other indications of dishonesty," *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005), because she repeatedly lied to immigration officials concerning her relationship to a man with whom she traveled to the United States. Accordingly, the BIA did not err in upholding the IJ's adverse credibility determination. Given the agency's adverse credibility determination, Pan's asylum and withholding of removal claims fail because "the remaining evidence in the record is insufficient to carry her burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

2

**2.** We lack jurisdiction to consider Pan's CAT claim because she failed to raise the issue in her brief before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will . . . be deemed to have exhausted only those issues [she] raised and argued in [her] brief before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**